Filed 11/14/14  P. v. Teague CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DEROY TEAGUE,<br><br>        Defendant and Appellant. | B252969<br><br>(Los Angeles County Super. Ct.<br> No. NA096423) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Louis W. Karlin, Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Deroy Teague was convicted by jury of attempted criminal threats, in violation of Penal Code sections 664 and 422.[1] The trial court found defendant had served seven prior prison terms as defined in section 667.5, subdivision (b). Defendant was sentenced to state prison for the upper term of eighteen months on the attempted criminal threats conviction, plus an additional seven years for the prior prison terms. Defendant filed a timely notice of appeal.

Defendant raises two issues on appeal. First, he argues the trial court committed prejudicial error by failing to properly instruct on the elements of attempted criminal threats. Second, defendant contends the evidence is insufficient to establish that the threat conveyed a gravity of purpose and an immediate prospect of execution of the threat. We agree the trial court failed to fully instruct on the elements of attempted criminal threats under the authority of *People v. Chandler* (2014) 60 Cal.4th 508 (*Chandler*), but as in *Chandler*, the error is nonprejudicial. Defendant's second contention lacks merit. We therefore affirm the judgment.

## FACTS

Defendant frequents the liquor store owned by Naveen Choda in Long Beach. Choda has known defendant since 2006. Defendant comes into the store "like ten times a day," typically to buy beer.

Defendant entered the store on July 28, 2013, just before 10:00 p.m., as Choda was working behind the counter protected by bulletproof glass. Defendant, who had no money, asked another customer for money to buy beer. Choda asked defendant to leave the store after defendant gave the customer an angry look. Defendant responded by grabbing items from the store. Choda's worker, Boris, took the items from defendant and escorted him out of the store. Defendant said, "You fucked up. I'm going to shoot you."

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

Defendant stood at the door, pointed his finger as if to simulate a gun, and told Choda, "When you come out, I'm going to kill you." Choda told Boris to come back into the store. As defendant stood at the door "cussing bad words," acting drunk, angry and mad, a customer urged Choda to call the police because defendant was not going to leave. Defendant told Choda he was going to wait right outside. He said, "I have a gun. I'm going to kill you when you come out. I'm going to wait for you outside." Defendant told Choda, "I'm going to come shoot you."

Choda was in fear for his life. He knew defendant had a gun two years earlier at the time of an arrest, and he was aware defendant carried a weapon all the time. He called the police directly, rather than calling 911, because the police had previously given him a direct number to call unless there was an emergency requiring an ambulance or the fire department. In the recorded call, Choda told the police he did not want to go outside because he knows defendant carries a gun based on a prior incident. Choda spoke to the police on the phone in a calm voice, as he had been told to do previously by the police, so that he could explain the situation. Choda was scared and wondered how he was going to go home if he did not call the police. He honestly believed defendant would shoot or kill him. The fear he felt was not momentary but was lingering, in part because he knew defendant lives within walking distance to the liquor store. Choda had called the police regarding defendant one or two times before this incident. At one point defendant was not allowed to come into the store because of his conduct.

Officer Steven Costa of the Long Beach Police Department was dispatched to the liquor store, where he met with Choda. Defendant was already in the custody of another officer. Choda was very excited, waving his hands around, seemingly shaken with a crackling in his voice. Choda told him defendant said, "You fucked up. I'm going to come shoot you. I'm going to kill you." Choda said defendant said he had a gun and had told him, "When you get out of there, I'm going to shoot you." Choda said defendant mimicked using a gun with his hand movement and that he had seen defendant with a gun previously.

3

Choda has a 16 camera security system in the liquor store, which he was told could be monitored from the police station. Detective David Ternullo met with Choda on July 29, 2013, and watched 25-30 seconds of video. That portion of the video showed defendant enter the store, raise his right arm, and wave it around a little bit. Defendant's mouth and body were moving as he appeared to be having an animated conversation with someone at the cash register. Detective Ternullo mistakenly believed he might be able to download the video at the police station so he did not ask Choda to make a copy. By the time the police realized the video could not be downloaded at the station, the copy at the liquor store had been deleted and was no longer on the store's system.

## DISCUSSION

### *Adequacy of Instructions Defining Attempted Criminal Threats*

Defendant was convicted by jury of attempted criminal threat (§§ 664/422), a necessarily included offense of making a criminal threat (§422). (See *People v. Toledo* (2001) 26 Cal.4th 221, 230-236 (*Toledo*) [holding that there is a crime of attempted criminal threats under California law].) Defendant argues on appeal, as he did in the trial court, that *People v. Jackson* (2009) 178 Cal.App.4th 590 (*Jackson*) requires the trial court to instruct that making an attempted criminal threat requires "proof that the defendant threat was such that it would cause a reasonable person to fear for his or her safety, or the safety of his or her family." Defendant reasons that the court's instructions defining criminal threats and attempt did not comply with the holding in *Jackson*.

After briefing in this case, our Supreme Court decided *Chandler*, *supra*, 60 Cal.4th 508, which resolved a dispute between the Courts of Appeal by holding, in accord with *Jackson*, that "when a defendant is charged with attempted criminal threat, the jury must be instructed that the offense requires not only that the defendant have an intent to threaten but also that the intended threat be sufficient under the circumstances to cause a

4

reasonable person to be in sustained fear." (*Chandler*, *supra,* at p. 525.)  We directed the parties to file additional briefing on the impact of *Chandler* on this case.

*Analysis*

In light of *Chandler*, it cannot be disputed that the trial court erred by refusing to explicitly instruct "that the intended threat under the circumstances was sufficient to cause a reasonable person to be in sustained fear." (*Chandler*, *supra*, 60 Cal.4th at p. 511.)  As in *Chandler*, the trial court fully instructed on the elements of making a criminal threat and gave a pattern jury instruction defining attempt—here, CALJIC No. 6.00,[2] and in *Chandler*, CALCRIM No. 460.[3]  Under *Chandler*, these instructions are insufficient to satisfy the requirement that where the court instructs on attempted criminal threats, it must explicitly instruct that the threat must be sufficient to cause a reasonable person to be in sustained fear, i.e., an objectively reasonable fear.

As in *Chandler* we conclude the "error was harmless beyond a reasonable doubt. (See *Neder v. United States* (1999) 527 U.S. 1, 8-15; *People v. Cole* (2004) 33 Cal.4th

---

[2] The jury was instructed pursuant to CALJIC No. 6.00 as follows:  "An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.  [¶]  In determining whether this act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to commit a crime will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to commit that specific crime.  These acts must be an immediate step in the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design."

[3] The jury in *Chandler* was instructed pursuant to CALCRIM No. 460 as follows: "'[T]he People must prove that,  [¶]  (1) the defendant took a direct but ineffective step towards committing stalking as to count one or criminal threats in counts two and three; and  [¶]  (2) the defendant intended to commit stalking, that's count one, or criminal threats, counts two and three.'"

1158, 1208-1209.)" (*Chandler*, *supra*, 60 Cal.4th at 525.) Our review of the evidence reveals that "no reasonable juror could have failed to find defendant's threats sufficient under the circumstances to cause a reasonable person to be in sustained fear." (*Ibid.*) Also as in *Chandler,* "the defense theory at trial did not contest the reasonableness of the victims' fear. Instead, defendant argued that there was reasonable doubt as to whether he made any of the alleged threats and that the threats, if made, did not cause actual or sustained fear." (*Ibid.*)

From an objective standpoint, there can be no question that the totality of defendant's conduct would cause a reasonable person to be in sustained fear for his safety. The evidence establishes that defendant threatened to kill Choda. Choda knew defendant had just been released from jail, that he had been drinking, and that he carried a firearm in the past. Defendant harassed a customer inside the liquor store by asking for money to buy alcohol, and when refused, he gave the customer a dirty look. After defendant was told to leave, he grabbed items and unequivocally threatened to kill Choda while mimicking the use of a handgun. Defendant told Choda, "I have a gun. I'm going to kill you when you come out. I'm going to wait for you outside." Defendant's conduct was sufficiently severe that another customer urged Choda to call the police, providing compelling evidence that a reasonable person would have been in sustained fear that defendant was waiting outside the store intending to kill Choda. Express threats to kill by a person who had been drinking and acting aggressively toward others, coupled with a victim's knowledge that the person had possession of a firearm in the past, corroborated by another person who was so concerned by defendant's conduct that he urged the alleged victim to call the police, conclusively establishes the objective component of sustained fear.

Our conclusion that the instructional error did not affect the verdict is bolstered by what the defense asserted at trial. Section 422, and the attempt to commit that crime, contain both a subjective and objective component of fear. (See *Toledo*, *supra*, 26 Cal.4th at p. 227 [section 422 requires a victim's actual sustained fear and that the fear be reasonable under the circumstances].) The parties, and in particular defendant, focused

6

on the subjective element of section 422 and whether Choda was subjectively in sustained fear. Thus, as litigated, the main issue in the case was not the objective component of an attempted criminal threat, which is the issue addressed in *Chandler*, supra, 60 Cal.4th at pp. 515-516, and *Jackson*, *supra*, 178 Cal.App.4th at p. 596.)

The primary theme of defense counsel's argument at trial was that Choda's conduct demonstrated that he *subjectively* was not in sustained fear. Defense counsel stressed to the jury that Choda knew defendant looked drunk and was not taking him seriously. Choda acted as if he thought defendant would just eventually walk away. Counsel argued that Choda's behavior was inconsistent with a belief that defendant had a gun, as Choda merely told his coworker to return to the store after escorting defendant to the door. Counsel pointed out that Choda had known defendant for years, and defendant frequently bought beer from the store. Not only did Choda not call the police immediately, when he did call it was at the urging of a customer and Choda used a non-emergency number. In addition, Choda continued to wait on customers as defendant stood nearby making threats. Counsel made a more brief argument on the issue of specific intent, urging the jury to find defendant not guilty because defendant did not intend that his words be taken as a threat, and the circumstantial evidence was insufficient to prove specific intent. Counsel summed up his argument by describing defendant as "a guy who's trespassing and annoying," but that that is not sufficient to convict of a felony "based on this behavior."

Because the evidence points unerringly toward the conclusion that a person in Choda's position would reasonably be in sustained fear, and defendant did not affirmatively contest this issue at trial, we hold the error was harmless. (*Chandler*, *supra*, 60 Cal.4th at p. 525.)

### *Sufficiency of the Evidence*

Defendant argues the record contains insufficient evidence to convict him of attempting to make a criminal threat. Specifically, defendant contends there is no

substantial evidence that the threat conveyed a gravity of purpose and an immediate prospect of execution. This is clearly incorrect.

*Standard of Review*

We apply the substantial evidence standard of review on appeal, viewing the evidence in the light most favorable to the judgment to determine whether a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Thompson* (2010) 49 Cal.4th 79, 113 (*Thompson*); *People v. Halvorsen* (2007) 42 Cal.4th 379, 419.) The substantial evidence standard of review is the same under the state and federal due process clauses. (*Thompson, supra,* at p. 113; *People v. Berryman* (1993) 6 Cal.4th 1048, 1082-1083, overruled on other grounds by *People v. Hill* (1998) 17 Cal.4th 800, 822-823, fn. 1.) As to both direct and circumstantial evidence, we presume the existence of every fact the trier could reasonably deduce from the evidence. (*Thompson*, *supra*, at p. 113; *People v. Prince* (2007) 40 Cal.4th 1179, 1251.)

*Analysis*

Defendant's contention is directed to the third element in section 422. "In order to prove a violation of section 422, the prosecution must establish all of the following: (1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate

8

family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances. (See generally *People v. Bolin* (1998) 18 Cal.4th 297, 337-340 & fn. 13.)" (*Toledo, supra,* 26 Cal.4th at pp. 227-228.)

Defendant's challenge to the sufficiency of the evidence does not warrant extended discussion. Defendant, who had possessed a firearm in the past, said he had a gun and unequivocally threatened to kill Choda when Choda exited the liquor store. He simulated a gun with his hand. A customer considered defendant's threats as real and urged Choda to call the police, which he did. "A threat is sufficiently specific where it threatens death or great bodily injury." (*People v. Butler* (2000) 85 Cal.App.4th 745, 752.) Defendant's argument that his conduct was merely annoying is no more than a request that this court reweigh the evidence, which we will not do. An explicit threat by a person to kill a store owner when the owner exits the store, made by a person known to carry a firearm, easily satisfied the third element of section 422. Choda was afraid to go outside and wondered how he would go home unless he called the police. Officer Costa observed Choda to be highly agitated shortly after the incident. Substantial evidence supports the judgment.

**DISPOSITION**

The judgment is affirmed.


KRIEGLER, J.


We concur:



TURNER, P. J.



MOSK, J.